UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 22-cv-339

| | |
|---|---|
| Dana Antinozzi,<br><br>        Plaintiff,<br>v.<br><br>Experian Information Solutions, Inc. and Equifax Information Services LLC,<br><br>        Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

This action arises out of Experian Information Solutions, Inc. (hereinafter "Defendant Experian") and Equifax Information Services LLC (hereinafter "Defendant Equifax"), violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter the "FCRA").

## JURISDICTION

1. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et seq.*

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District.

1

## PARTIES

3. Plaintiff, Dana R. Antinozzi (hereinafter "Plaintiff"), is a natural person who resides in the city of Circle Pines, county of Anoka, state of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant Experian is a foreign corporation incorporated under the laws of the state of Ohio, is licensed to do business in the state of Minnesota, regularly conducts business within said State, and has a registered office address located at 1010 Dale St. N, St. Paul, Minnesota 55117. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

5. Defendant Equifax is a foreign limited liability company organized under the laws of the state of Georgia; is authorized to do business in the state of Minnesota and regularly conducts business within said State; and has a principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Defendant is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

## FACTUAL ALLEGATIONS

6. Sometime in August 2019, Plaintiff noticed fraudulent charges totaling $1,426.82

    on his Credit One Bank account 444796223995****. The account balance in August was $1,436.00 ($1,426.82 in fraudulent charges, $2.07 in interest on the fraudulent charges, and $8.25 for the annual fee).

7. Immediately thereafter, Plaintiff reported the fraudulent charges to Credit One Bank and explained how the charges to Plaintiff's account 444796223995**** on August 22, 2019, could not have been made by Plaintiff because he was in Minnesota on that day and the charges came from Florida.

8. Following the fraudulent charges in August, Credit One Bank issued Plaintiff a new account 444796242371****. Despite the new card and account number, Credit One Bank instructed Plaintiff to keep the 444796223995**** account open or the fraud investigation would have been closed.

9. On or about September 2, 2019, Plaintiff noticed more fraudulent charges on his new account 444796242371****. The fraudulent charges for the month of September totaled $1,952.15.

10. On or about September 5, 2019, Credit One Bank wrongfully transferred the $1,436.66 balance, acquired through fraudulent charges, from the 444796223995**** account to the balance on the new 444796242371**** account.

11. Additionally, Plaintiff's disorganized and confusing credit card statement for September shows Credit One Bank offering Plaintiff credit for the fraudulent charges from August and September, including enough to offset the wrongfully transferred $1,436.66. However, the transactions list ends with two charges of $2,325.06 labeled "Balance transfer Las Vegas N.V." and "An adjustment to you

account Las Vegas N.V." It is unclear why Credit One Bank added these charges and where it got the amount.

12. Moreover, the charges should not have been added or should have been flagged for suspicious activity because they caused Plaintiff's available balance to exceed his limit of $2,350.00

13. Once again, Plaintiff immediately reported the fraudulent charges, and again Credit One Bank issued Plaintiff a new account, 444796242434****, and instructed Plaintiff to keep the 444796242371**** account open or the fraud investigation would have been closed.

14. In October 2019, Plaintiff noticed Credit One Bank, once again, wrongfully transferred the balance, $4,692.65, from the previous account, 444796242371****, to the new account 444796242434****.

15. On or about October 31, 2019, Plaintiff filed a police report, case number 19278079, with the Centennial Lakes Police Department for fraudulent charges in excess of $4,000.

16. By this time, Plaintiff had spoken with Credit One Bank's customer service department many times regarding the account balances caused by fraudulent charges and subsequent transferring of balances from one account to the next. Plaintiff was instructed to send a letter to Credit One Bank's fraud department.

17. On or about November 8, 2019, Plaintiff sent a letter to Credit One Bank's fraud department disputing all fraudulent charges on his credit card. In his letter, Plaintiff explained that he does not intend on paying any of the fraudulent charges, interest

4

accumulated from said charges, or late fees stemming from said charges, but Plaintiff would pay only the annual fee charges of $8.25 per month.

18. On or about December 16, 2019, Credit One Bank credited Plaintiff's account $2,325.06, leaving a new balance of $2,684.65.

19. In January 2020, Credit One Bank closed Plaintiff's account 444796242434**** for being past due. From the January 2020 to March 2020, the account remained closed while tacking on late fees and interest each month.

20. On or about April 6, 2020, Plaintiff sent a robust dispute letter to the national credit reporting agencies of Defendant Equifax, Trans Union LLC ("Trans Union"), and Defendant Experian, disputing inaccurate information in his credit report, specifically the account balance currently being reported by Credit One Bank. In his letter, Plaintiff explained the balance should be zero because he did not owe any money to Credit One Bank due to the fraudulent charges and provided the corresponding police report information.

21. In turn the credit reporting agencies then communicated Plaintiff's dispute to Credit One Bank.

22. Defendant Experian failed to conduct a reasonable investigation and verified the fraudulent account 444796242743**** as having a past due balance, in violation of 15 U.S.C. § 1681i.

23. Defendant Experian's reporting adversely and/or negatively affected Plaintiff's credit profile and again failed to at least update the tradeline as "disputed" when it was aware that Plaintiff's dispute was legitimate.

24. Defendant Equifax used the wrong code on the ACDV correspondence with Credit One Bank erroneously identifying that Plaintiff was disputing the entire account as fraud instead of an account take over thereby causing Credit One Bank to verify the fraudulent account information 444796242743**** as having a past due balance, in violation of 15 U.S.C. § 1681i.

25. Defendant Equifax failed to conduct a reasonable investigation and verified the fraudulent account 444796242743**** information as having a past due balance, in violation of 15 U.S.C. § 1681i.

26. Non party Trans Union deleted the information from Plaintiff's credit report after receipt of Plaintiff's dispute letter.

27. Defendants' conduct has caused Plaintiff immense frustration, anger, hopelessness, anxiety, loss of sleep, mental anguish and emotional distress.

## TRIAL BY JURY

40. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq.* – DEFENDANT EXPERIAN

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant Experian failed to conduct a reasonable reinvestigation into Plaintiff's disputes, in violation of 15 U.S.C. § 1681i.

42. Defendant Experian's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n.

43. Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

44. As a result of Defendant Experian's violations of the FCRA, Plaintiff has suffered out-of-pocket expenses, detriment to his credit rating, mental anguish, and emotional distress in an amount to be determined at trial, pursuant to 15 U.S.C. §1681o.

45. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – DEFENDANT EQUIFAX

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant Equifax failed to conduct a reasonable reinvestigation into Plaintiff's disputes and failed to use the correct ACDV code when communicating with Credit One Bank regarding Plaintiff's disputes, in violation of 15 U.S.C. § 1681i.

47. Defendant Equifax's conduct, actions, and inactions were willful, rendering it liable for punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n.

48. Alternatively, Defendant Equifax's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

49. As a result of Defendant Equifax's violations of the FCRA, Plaintiff has suffered out-of-pocket expenses, detriment to his credit rating, mental anguish, and emotional distress in an amount to be determined at trial, pursuant to 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- actual, statutory and punitive damages, and costs and attorney's fees for Defendants' violations of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o, in an amount to be determined at trial; and
- for such other and further relief as the Court may deem just and proper.

Dated this 2nd day of February 2022.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.

8

367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Dana Antinozzi, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                        s/Dana Antinozzi
                                                        Dana Antinozzi